

JAN 19 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ______ DEPUTY



**In The United States Court for the Western District of Oklahoma**

CIV-10- 054



**Anthony Branch,**

**Prose Petitioner.**

**VS.**

**The State of Oklahoma,**

**Respondent, Defendant.**

---

**Petitioners Writ of Habeas Corpus**

**And Brief In Support**

**Pursuant to 28 USC § 2254 b.c**

---

**Garfield Co. Cs#CF 2007-466**

**OCCA Case No. F. 2007-1067**

---

**Anthony Branch, Prose**

**1970 E. Whippoorwill Ln.**

**Atoka, Oklahoma. 74525.**

---

**January 13, 2010.**

**In The United States Court For**
**The Western District Of Oklahoma**

| | | |
|---|---|---|
| Anthony Branch<br>Petitioner<br>v.<br><br>State of Oklahoma<br>Respondent-Defendant | )<br>)<br>)<br>)<br>)<br>) | cs#________________ |

**Writ of Habeas Corpus**

The Petitioner Anthony Branch in this case appearing in Pro'se in accordance with the rules of This Honorable Court with this **(28 U.S.C. § 2254 b.c).**

Petitioner was the defendant in the District Court and will be referred to by name, or Petitioner. The State will be referred to as the Respondent, or Defendant.

**Statement of the Case**

Petitioner was charged by Information in Garfield county District Court cs# 2005-658 Amended to Cs # 2007-466 a felony **(21 O.S. .§ 2005 1435).** A Jury Trial was conducted October 22-23 2007, before the Honorable Dennis Hladik. Ms. Janet Cox represented Petitioner at trial. Ms. Nancy Walker represented him on Direct Appeal. Josh Davis and Michael Fields assistant District Attorneys represented the state. The jury found Petitioner guilty (**Original Record 37**). Due to Prosecutors misconduct during opening statements in second stage of trial, Judge Hladik declared a mistrial (**Tr. II 49-50**). Subsequently, Petitioner waived his right to jury sentencing and Judge Hladik sentenced Petitioner to 20 years imprisonment. Petitioner contends that his convicted of Second Degree Burglary was upon insufficient evidence and that the jury could only speculate on whether Petitioner entered the alleged business with specific **Intent to Break and Enter** to steal said property. It is from this judgment Petitioner now contends.

## Table of Contents/Authorities

**Transcript (Tr.I.) (Tr.II.)**

**State Cases Sited**

**Brooks v. State Ok Cr. 50 533 P.2d 639 1975 (410 345 7)**

**Burroughs v. State Ok Cr. 528 P.2d 714**

**Claghorn v. State 505 P.2d 998 CJS Criminal Law 351 P.907.**

**Faulkenberry v. State 551 P.2d 271**

**Hanley v. State Ok Cr. 422 P.2d 217**

**State v. Grizzle 559 P.2d 474**

**Schorr v. State 499 P.2d 450 (7) 349 K (28)**

**Wagner v. Osborn 225 Cal App 2d 36, 37 Cal Rptr. 2**

**Middaugh v. State 767 P2d 432 436 Ok Cr. 1998**

**Davis v. State 729 P2d Okl. Cr. 1990**

**Federal Authorities**

**Brady v. Maryland 373 U.S. 83 87.**

**Strickland v. Washington 466 U.S. 668 (1984)**

**Mooney v. Holohan 294 U.S. 103**

**Nickens v. United States 116 U.S. App DC 338 323 F.2d 808 1963.**

**Constitutional Amendments IV, V, VI, VIII, XIV.**

**Statutory Authorities**

**21 Ok. Constitution Article II (Sec17) O.S. 1971 815.**

**22 O.S. § 1971 162, S. 254.**

**21 O.S. § 1435 2005**

**Other Authorities**

**Instructions 1-5-13 OUJI (2d) (2000)**

**Petitioners Exhibits 1-6**

**Certificate of mailing**

**Declaration of Perjury**

## Statement of Facts

**Proposition I**

**Ineffective Assistance of Counsel**

Petitioner asserts counsel Janet Cox **did not** effectively move the trial court on the dismissal of Respondents alleged evidence due to Due Process violations under **(O.S. Art II .§ 21)** Pertaining to the statute **O.S .§ 2005 1435** on indirect and circumstantial evidence submitted to the trial court. Petitioner asserts his attorney **did not** urge the court in reference to pretrial motion of Petitioner obtaining an expert witness on his behalf upon request concerning forensic DNA testing of alleged blood evidence for Petitioner. Blood or fingerprints **were not** found at alleged burglary site **(Tr.I 160).** Therefore, the single DNA test by Respondent is bias. **(Tr. 154, 155 State Exh 2)** **Petitioner cites: Strickland v. Washington, 466 US 668(1984), the court has held that a new trial must be granted when evidence is not introduced because of the incompetence of counsel only if "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.** Petitioner asserts and record reflects counsel Janet Cox made a graven error in stating to jury "No one said my client did not touch the cash box he did not commit the second degree burglary". This error not only was incurable, but prejudiced Petitioner extremely. On January 21, 2009 Petitioner received letter from Appeal Counsel Nancy Walker concerning the Court of Criminal Appeals Judgment in favor of Respondent, and stated she was sending the trial transcript back to Respondent. Ms. Walker totally neglected attorney/client relations by not sending Petitioner a copy of his trial transcript in order for him to further his appeal process see Petitioners **Exhibit 6.** Petitioner sites: **Brooks v. State Ok Cr. 50 533 P.2d 639 1975. Court stated: When review of entire record reveals numerous irregularities that tend to prejudice the rights of Defendant and where a cumulating of irregularities denied Defendant a fair trial case will be reversed even though one of the errors standing alone would not be ample to justify reversal.**

**Proposition II**

**Due Process Violations**

Petitioner was arrested on September 27, 2005 and was not brought to trial court until October 22-23, 2007. The prejudicial delay of the trial court **was not** Petitioner's error. Petitioner asserts and contends his Due Process rights were violated under **(Ok Const. Art. II.§ 21)**. **As provided: The right of a suspect to a speedy and determination of guilt or innocence is not lost merely because the delay in the process occurs before the formal charge, but rather than after. Petitioner sites: Nickens v. United States 116 U.S. APP. D.C 338 323 F.2d 808 (1963). Therefore it is recognized that unreasonable Pre-arrest delay may so prejudice a defendant as to amount to the denial of constitutional rights. (U.S. Const. IV Amend) (U.S. Const. V Amend.)** Court docket cards **Petitioner's Exhibit 5** attached will reflect trial delays. Petitioner was sent back to preliminary stage **27 months later** of proceedings with the amending of said **Cs # 2005 658 to CF 2007-466. There was no new evidence presented to the trial court**. Petitioner cites: **Claghorn v. State 505 P2.d 998 22 CJS Criminal Law 351 P.907 Provides: In making the order of commitment the committing magistrate exhaust his power and he cannot thereafter modify his order under the direction of superior court or of his own motion (22 O.S. .§ 1971 162).** Petitioner continues on his Due Process, asserting Trial Court abused its discretion in allowing Respondent **(4)** unexplained continuances. Trial court was not within jurisdiction with said postures. After **(4)** prejudicial delays, Trial Court Judge Ron Franklin, referred the case #**CF 2005-658** over to Judge Dennis Hladik to preside. Judge Dennis Hladik allowed Respondent to dismiss and refile same charge under **CF-2007-466** with AFC, record reflects Judge Hladik sent Petitioner back to preliminary court of Judge Paul Woodward. Petitioner sites; **State v. Grizzle 559 P.2d 474 Indictment and Information; An amended information does not require a new preliminary examination if it does not substantially alter the charge or necessitate the introduction of new issues**. Petitioner sites: **Hadley v. State Ok Cr. 422 P.2d 217. The order must also state reasons for the courts actions**. Petitioner asserts trial courts partiality by granting **27 months-unexplained** delay to Respondent re-filing of the **O.S. 1435. § 2005-658.**Petitioner asserts trial court abused its discretion in concert with Respondent not sharing alleged

Exhibit2 evidence with Petitioner. Petitioner sites; **Mooney v. Holohan, 294 U.S. 103,the court established the rule that the knowing use by a state prosecutor of perjured testimony to obtain a conviction and the deliberate suppression of evidence that would have impeached and refuted the testimony constitutes a denial of due process**. Petitioner realizes there are issues concerning the courts discretion, but the Judges failure to grant a dismissal in favor of Petitioner, after Respondents unexplained delay(s) was prejudicial based upon the Petitioner's right to a speedy trial, the lack of direct and circumstantial evidence regarding guilt are cumulative errors in this case.

**PropositionIII**

**Prosecutors Misconduct**

Petitioner asserts Respondent did not share alleged Physical/Blood Evidence Exhibit2 upon pretrial motion. A single DNA test at Respondent request and Orchestration. The alleged cash box nor Swabs/ Exhibit2 Blood Evidence **wasnot** materially displayed at trial court. Petitioner was deprived of testing one of (**2**) Swabs Respondent took from him to test with alleged Exhibit2. Petitioner sites; **Brady v. Maryland, 373 U.S 83, 87, This court held that " the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment**". Petitioner sites; **Middaugh v. State, 767 P.2d 432, 436 (Okl. Cr. 1988). The state must lay a foundation showing that the evidence offered is in substantially the same condition as when the crime was committed .The court has long held that the purpose of the chain of custody rule is to guard against substitution of or tampering with the evidence between the time it is found and the time it is analyzed. (Davis v. State 792P.2d (Okl.Cr.1990)**. The physical Exhibit2 evidence of alleged Blood **wasnot** presented at trial court, nor was there photo Exhibit 2 evidence displayed in trial court, only Respondents alleged DNA chart. On October 23, 2007 during the second stage of trial Respondent and Petitioner agreed to a stipulation concerning Petitioner's length of prior prison sentences. Upon a guilty verdict the length

of priors **not entered** before the jury. Respondent Josh Davis upon full knowledge of said stipulation agreement deliberately mentioned the length of Petitioner's priors to the jury. Judge Hladik sustained Petitioner's objection and granted mistrial in second stage of trial. **(Tr. II. 49-50).** After upon 30-minute recess Respondent was seeking that trial court overrule the error with case law and court admonishment. Respondent was attempting to further prejudice Petitioner. Unfortunately Petitioner waived his right to jury sentencing in an attempt to ease the pain and suffering he was receiving of these illegal allegations and the court sentenced him to 20 years in prison.

**Proposition IV**

**Excessive Punishment**

Petitioner asserts excessive punishment by the trial court and abuse of discretion violating his constitutional right. According to **O.S. 1435. § 2007-466.** This statute carries 2-7 years punishment range imprisonment upon conviction. Petitioner asserts his Judgment and Sentencing of **20** years is excessive due to the prejudicial delay and indirect and circumstantial evidence. **(I.e. No eyewitnesses, fingerprints, blood evidence at alleged crime scene) (Tr. 1.160)** With these facts in mind Petitioner asserts he did not receive equal protection under the law. Petitioner asserts the trial courts ruling and aid on the direct restriction on the scope of cross-examination denied the Petitioner the right of effective cross-examination which would be constitutional error of the first magnitude concerning DNA test and no amount of showing of want of prejudice would cure it. Trial court was also extremely excessive in imposing also a $25 a day jail cost for everyday Petitioner spent incarcerated **27 months** in Garfield Co. Detention Ctr, due to the prejudicial delay and ordered by the court to pay $17,555 costs and fines. Petitioner cites his **(U.S. Const. VIII Amend.) states: Excessive bail shall not be required nor excessive fines imposed nor cruel and unusual punishments inflicted.**

**Proposition V**

**Insufficient Evidence**

Petitioner asserts trial court erred in sustaining the insufficiency of Respondent evidence **(21. O.S. 1435 2007-466) Exhibits 1-5 i.e. broken window, cash box, miniscule blood spot, and blade of grass, brick. (Tr. 1. 156).** On September 27, 2005 around 1am Sgt. Bergdall stated: he was on his way home from work and testified he saw someone bending down behind a **westside LL machine shop** building 300ft. from alleged Café'Divinci burglary site at pitch darkness.There was no lighting behind this alleged building **(Tr.I. 97,122).** This officer Respondent state witness must have infrared vision to see behind an east front facing building LL Machine Shop while driving on a north bound Grand Blvd. **(Tr. 1. 91-92, 99). Note: LL Machine Shop has Burglar bars indicating a high crime area. (Tr. 1. 91, 98, 125).** Respondent evidence Exhibits 1-5 were photographed and collected. Why was such a key piece of Respondents' evidence **(Alleged cut hand)** where alleged blood spot stemmed from **Not Photographed? (Tr. 1. 132, 155).** State evidence and exhibits, testimony reflect that there **was not blood, or fingerprints** found at alleged burglary site Café'Divinci. Record will reflect Petitioners fingerprints **were not** found on alleged cashbox. **(Tr. 1.154, 155 State Exh. 2).** There was also according to Respondent testimony a **10-hour window** from the time the alleged burglarized Café' Divinci opened and closed. **(Tr. 1. 189).** This indicates the burglary **was not** recent. Records also reflect Respondent **does not** have approximate time of alleged burglary. The only alleged blood evidence was found **Outside** of the alleged cash box **(Tr. 1. 200)** which was found 300ft, from alleged Café'Divinci burglary site **(100 yd.)** Petitioner was not in possession of alleged stolen cashbox.

Any trier of fact would note, if Petitioner had taken alleged cashbox from alleged burglary site, and cut himself while doing so he would have left blood inside alleged burglary site at some place and point. Petitioner asserts blood evidence of Respondent **was not** overruled by trial court on insufficient grounds and of the obtaining and handling of **(2)** mouth swabs from Petitioner. **Petitioner sites his (U.S. Const. IV Amend.) The right of a person to be secure in their persons, houses, papers, effects against unreasonable searches and seizures shall not be violated.** On September 27, 2005 Respondent collected a miniscule blood spot off alleged cash box, **(State Exhibit 2)** and

blade of grass. Respondent blood evidence was taken by Respondent to O.S.B.I. lab and stored for **23 months**, not tested or processed. Twenty-three months later Respondent came to place of detainment of Petitioner Garfield Co. Detention Ctr. to obtain **(2)** mouth swabs from petitioner. **Note: As a matter of practice in forensic science it does not take 23 months to obtain D.N.A testing/ results when you have a suspect in custody.** Note: Petitioner did not have counsel present or witnesses on his behalf, when Respondent demanded **(2)** mouth swabs. Record reflects petitioner **did not** give consent nor sign waiver. **Note: Search warrant was not presented at trial court. Petitioner sites: (Schorr v. State 499 P2.d 450) (7) 349 K (28) 3 searches and seizures a consent to search either written or oral given by a defendant in custody must be preceded by a complete and proper Miranda warning and signing of waiver. Sec. 7 349-183 states: For a person not in custody party seeking consent need only advise person of (U.S. Const. IV Amend)**. Petitioner is basing his assertions on **State Exhibit #2** blood evidence and **(2)** Swabs being collected, handled, and delayed. All Respondents witnesses that handled alleged blood/**(2)** Swabs evidence **could not** and **did not** explain the forensic handling, and delay for admissibility to the trial court. **Respondent evidence was not supported by petitioner's physical contact with alleged crime scene and alleged scientific evidence of Respondent does not link Petitioner to alleged crime scene**. Petitioner asserts chain of possession the **(23)** month delay chain of custody of evidence was broken by Respondents with Respondents **(23)** month unexplained delay to the DNA lab to further prejudice Petitioner. Although Identigene claims an independent DNA analysis company, Petitioner **did not** have expert witness on his behalf. Petitioner cites **Faulkenberry v. State 551 P.2d 271 K. 110 404, 60. The time gap and the transportation are vital links in the chain of custody.** Trial court **did not** consider Petitioners pretrial motion for expert witness outside of Respondent. **Note: Again, Respondent does not have photo exhibit evidence of alleged cut hand. Petitioner sites: (U.S. Const. VI Amend.) and (U.S. Const. XIV Amend.)** Record reflects when Respondent expert witness Robin Freemon stated: "There was a positive DNA match I in I quintillion to Petitioner."Petitioner asked has there ever been that many people even born? Respondent expert witness Robin Freemon could not respond.

**(Tr. 1. 132).** Why? Respondent expert witness Robin Freemon claimed D.N.A test matched Petitioner but could not explain the finding of the numeric nor the physical demonstrative results and the delay in the testing time frame to the trial court. Petitioner cites: **Wagner v. Osborn 225 Cal App. 2d 36, 37 Cal Rptr. 27** **held as follows: It is true that the party offering demonstrative evidence must show satisfaction of the trial court that in reasonable certainty there had not been alteration of or tampering with the exhibit even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight.** Petitioners final assertion on Respondents insufficient evidence on Respondents state witnesses Enid Police claiming Petitioner advised them of seeing someone in the alleged area **(Tr. 1. 126).** Record will reflect Petitioner **did not** give verbal, written, or recorded statement to Respondent. Petitioner exercised pre-trial silence his **(U.S. Const. V Amend.)** right. Petitioner sites: **Burroughs v. State Ok Cr. 528 P.2d 714** **wherein it was held that a person has a right to remain silent when arrested, and the exercising of that right cannot be used against him to establish commission of a crime.**

Petitioner cites: **Brooks v. State 533 P.2d 639 1975 Ok Cr. 50** **(410 345 7) Court provides while convictions for criminal offenses may be shown to effect credibility mere accusations of criminal activity or arrests and charges not amounting to convictions are not available for introduction by the prosecution.**

A person is guilty of second degree burglary when he breaks and enters a building of another in which property is contained, with the intent steal. The Oklahoma stature (**O.S. 1435. § 2005**) Provides: Whoever shall either in the night or the daytime **Break, Enter,** or enter without breaking any dwelling or other building or apartment or room with the **Intent** to **Steal**, or to commit any criminal offense shall be guilty of burglary in the second degree. From the evidence/testimony the State failed to prove each element of **Instruction 1-5, -13 OUJI (2d) (2000)**. The jury was out for **3 ½** hours on the first stage of the proceedings and clearly had a problem-connecting Petitioner to alleged burglary site. It does not appear when or evidence of Petitioner **Breaking and Entering alleged Café'Divinci with the intent to steal property.** Petitioner reiterates Respondent evidence **Exhibit1- 6** was not supported by Petitioners physical/ forensic contact with alleged crime scene. Tie this in with the other four- **(4)** propositions of error and this court may look at Petitioners Twenty-year sentence in a new light of correcting the injustice.

Petitioner asserts with these errors in mind This Honorable Court should turn to an analysis of his claims of the errors at **Trial or Direct Appeal** with sufficient reason which for sufficient reason **was not** asserted and inadequately raised in the application and find the grounds for relief in favor of the Petitioner.

Petitioner prays in light of the above errors Petitioner respectfully requests This Honorable Court that the remainder of the Judgment and Sentence Cost and Fines be vacated upon instructions to dismiss.

Respectfully Submitted,
Anthony Branch

Anthony Branch
1970 E. Whippoorwill Ln.
Atoka, Ok 74525.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mail system on **January 13,2010**.

Executed (signed) on January 14, 2010.

Anthony Branch
Signature of Petitioner

**CERTIFICATE OF MAILING:**

This is to certify that a true and correct copy of the foregoing Brief of Petitioner was served upon The OK Attorney General This ____14th____ day of ____January____ 2010 by placing in the United States Mail Postage pre-paid addressed to the Clerk of The Court of Criminal Appeals for submission to the Attorney General. Addressed as follows: 313 N.E. 21st. OKC, OK 73105.