IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY BRANCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-54-W |
| | ) |
| BRUCE HOWARD, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Mr. Anthony Branch is a state prisoner who seeks habeas relief under 28 U.S.C. § 2254. The Court should deny habeas relief.

Background

Mr. Branch was convicted in state court of second degree burglary. *See* Petitioners Writ of Habeas Corpus and Brief in Support Pursuant to 28 U.S.C. § 2254 b.c at p. 1 (Jan. 19, 2010) ("Petition"). On direct appeal, the Petitioner claimed insufficiency of the evidence and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. *See* Summary Opinion, *Branch v. State*, Case No. F-2007-1067 (Okla. Crim. App. Jan. 16, 2009) ("OCCA Opinion on Direct Appeal").

In June 2010, the Petitioner returned to state court with an application for post-conviction relief. *See* Application for Post-Conviction Relief, *Branch v. State*, Case No.

2007-466 (Garfield Co. Dist. Ct. June 15, 2010). The state district court denied relief,[1] and the OCCA dismissed the appeal as untimely.[2] Thereafter, Mr. Branch filed a second post-conviction appeal. *See* Appellant's Post-Conviction Brief in Support, *Branch v. Howard*, Case No. PC-2011-112 (Okla. Crim. App. Feb. 17, 2011). The OCCA dismissed the appeal based on a failure to timely submit a petition in error and the district court's order,[3] and Mr. Branch returned to federal district court.[4]

In the habeas petition, Mr. Branch alleges:

- ineffective assistance of counsel,
- lack of a speedy trial,
- prosecutorial misconduct,
- introduction of evidence without a proper foundation,
- excess in the sentence and a fine, and
- insufficiency of the evidence.

Petition at pp. 2-9.

---

[1] Order Denying Post Conviction Relief, *State v. Branch*, Case No. CF-2007-466 (Garfield Co. Dist. Ct. July 22, 2010).

[2] Order Dismissing Appeal of Denial of Post-Conviction Relief, *Branch v. State*, Case No. PC-2011-0040 (Okla. Crim. App. Feb. 11, 2011).

[3] Order Dismissing Post-Conviction Appeal, *Branch v. Howard*, Case No. PC 2011-112 (Okla. Crim. App. Mar. 4, 2011).

[4] *See* Notice/Motion to Re-Open Habeas Corpus Proceedings (Mar. 16, 2011).

Insufficiency of the Evidence

In part, Mr. Branch alleges insufficiency of the evidence for a burglary conviction. *See supra* p. 2. The OCCA rejected the claim on direct appeal,[5] and this determination was reasonable based on Supreme Court precedent and the evidence.

I.    Standard for Habeas Review

Because the OCCA adjudicated the claim on the merits,[6] the federal district court bears a "secondary and limited" role under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

The threshold issue is whether federal law clearly establishes the constitutional protection underlying the Petitioner's claim.[7]

---

[5]    OCCA Opinion on Direct Appeal at p. 2.

[6]    The OCCA stated:

> Evidence that [Mr. Branch's] blood was found on the cash register drawer, and at the time he was apprehended, [Mr. Branch] had a bleeding cut on his wrist; that he was seen a block away from the burglarized restaurant at 1:00 a.m., crouched down and doing "something with his hands"; that upon seeing the passing police car, [Mr. Branch] fled into a nearby field and attempted to hide; that no wet spot was found on the ground where he claimed he had gone to the bathroom; and that no other individuals were seen in the area at the time and [Mr. Branch] refused to divulge any further information about "another guy["], supports the jury's finding that [Mr. Branch] broke and entered the Café and unlawfully removed the cash register drawer.

OCCA Opinion on Direct Appeal at p. 2.

[7]    *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008) ("If there is clearly established federal law, we then consider whether the state court decision was contrary to or involved an unreasonable application of it." (citation omitted)).

3

If the underlying constitutional right is clearly established, the federal district court must ask whether the state court decision was contrary to Supreme Court precedent. *See supra* note 7. These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether the state court decision involved an unreasonable application of Supreme Court precedents. *See supra* p. 3 & note 7 (quoting *Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008)). Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

II.     Determination of a Clearly Established Constitutional Right

Sufficiency of the evidence on guilt presents a question of law.[8] Thus, the federal district court should begin by determining whether the Supreme Court has clearly established a constitutional requirement concerning the sufficiency of the evidence on guilt. *See supra* p. 3. This question should be answered in the affirmative.

---

[8] *See Spears v. Mullin*, 343 F.3d 1215, 1238 (10th Cir. 2003) (stating in habeas proceedings that the Tenth Circuit Court of Appeals "review[s] sufficiency of the evidence as a question of law" (citations omitted)); *see also Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (holding that when the petitioner challenged only the sufficiency of evidence to support the conviction, the court should regard the issue as a legal question).

The United States Supreme Court established the constitutional requirement in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[9] Under this decision, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319 (emphasis in original).

III.  The Issue for Habeas Review

Because the OCCA decided the issue on the merits, the dispositive question "'is whether the [court's] conclusion that the evidence was sufficient constituted an unreasonable

---

[9]  *See Alverson v. Workman*, 595 F.3d 1142, 1157 (10th Cir.) (holding that *Jackson v. Virginia*, 443 U.S. 307 (1979), supplied the "clearly established federal law" applicable to a claim involving sufficiency of the evidence), *cert. denied*, __ U.S. __, 131 S. Ct. 512 (2010).

application of the *Jackson* standard.'"[10] *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citation omitted).

IV.     Elements of Second Degree Burglary

Under *Jackson*, the standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979). Therefore, the Court must consider the Petitioner's arguments in light of Oklahoma law.

To convict Mr. Branch of second degree burglary, the State of Oklahoma was required to prove beyond a reasonable doubt that the Petitioner was guilty of:

- breaking and
- entering
- a building
- of another
- in which property is kept

---

[10] The OCCA did not cite *Jackson v. Virginia*. Instead, the court cited two of its own cases: *Easlick v. State*, 90 P.3d 556 (Okla. Crim. App. 2004), and *Spuehler v. State*, 709 P.2d 202 (Okla. Crim. App. 1985). OCCA Opinion on Direct Appeal at p. 2. In *Easlick*, the OCCA held that when the evidence is circumstantial, its sufficiency would be reviewed under the standard in *Spuehler v. State*, 709 P.2d 202 (Okla. Crim. App. 1985). In turn, *Spuehler* had applied the *Jackson v. Virginia* standard. *Spuehler v. State*, 709 P.2d 202, 203-204 (Okla. Crim. App. 1985). Thus, while the OCCA did not cite *Jackson* in the direct appeal, the court did apply the standard announced by the Supreme Court in *Jackson*. In these circumstances, the omission of a citation to *Jackson* is immaterial. *See Matthews v. Workman*, 577 F.3d 1175, 1183 n.2 (10th Cir. 2009) (citations omitted), *cert. denied*, __ U.S. __, 130 S. Ct. 1900 (2010) (("That the OCCA did not cite *Jackson* is of no moment; state courts need not refer to, or even be aware of, controlling Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" (citations omitted)).

- with the intent to steal.

*See* OUJI-CR 5-13 (2d ed.); *see also* Okla. Stat. tit. 21 § 1435 ("Burglary in second degree--Acts constituting").

V.   Reasonableness of the OCCA's Determination Based on the Trial Record

From the trial evidence, the jury could reasonably find beyond a reasonable doubt that the Petitioner had committed second degree burglary.

Enid Police Officer Greg Bergdall saw the Petitioner bent over behind a machine shop at 1:00 a.m. on September 27, 2005. Transcript of Trial Proceedings, Vol. I at pp. 89-91, 98-99, *State v. Branch*, CF-2007-466 (Garfield Co. Dist. Ct. file-stamped Jan. 16, 2008) ("Trial Transcript"). Suspicious, Officer Bergdall circled for a better look, then lost sight of Mr. Branch. *See id.*, Vol. I at pp. 92-93. The Petitioner was eventually found in the tall grass of an adjacent field. *See id.*, Vol. I at p. 97.

According to the officers who located Mr. Branch, he was still bleeding from a cut on his wrist. *See id.*, Vol. I at pp. 98, 125, 150. Searching the area where the Petitioner had first been seen, officers found a cash register box with fresh blood on it. *See id.*, Vol. I at pp. 100-101, 125, 151.

Officer Sharon Batchelder canvassed the surrounding businesses and found a broken window at the Café DaVinci about a block from the machine shop where Mr. Branch was first spotted. *See id.*, Vol. I at p. 152. The glass in the window had been shattered and part of the frame work had been removed. *See id.* The model number on the cash register box

7

found behind the machine shop matched the model number for the cash register at Café DaVinci. *See id.*, Vol. I at pp. 103, 158.

A DNA swab sample from Mr. Branch was compared with blood found on the cash box. *See id.*, Vol. I at p. 209. An expert testified that "[t]o a reasonable degree of scientific certainty the DNA profile obtained on the cash box . . . was derived from Anthony Branch . . . ." *Id.*, Vol. I at p. 217.

Mr. Branch does not own the Café DaVinci or the building where it is located. *See id.*, Vol. I at pp. 185, 196, 198.

Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Mr. Branch had broken into and entered another person's business with the intent to steal.

VI. <u>Mr. Branch's Arguments: Gaps in the Evidence and the Chain of Custody</u>

The Petitioner argues that the prosecution had gaps in the evidence and that the chain of custody was deficient on the blood allegedly found on the cash drawer box.[11] Both arguments are invalid.

    A. <u>Gaps in the Evidence</u>

According to Mr. Branch, the prosecution's case was deficient based on:

- the officers' failure to photograph his allegedly bleeding wrist,

---

[11] Petition at pp. 6-8; Petitioner's Objection to Respondent Response to Writ of Habeas Corpus and Petitioner's Motion for Summary Judgement at pp. 1-2 (Apr. 27, 2011) ("Petitioner's Reply").

8

- the lack of fingerprints on the cash box,

- the lack of blood and fingerprints at the Café DaVinci,

- the officers' lack of knowledge concerning the time Café DaVinci was burglarized, and

- his lack of possession of the cash box at the time it was located.

Petition at pp. 6-9. The Petitioner's argument is invalid, as the alleged omissions in the evidence would not detract from the sufficiency of the evidence that did exist.

The Tenth Circuit Court of Appeals addressed a similar issue in *Matthews v. Workman*, 577 F.3d 1175 (10th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 1900 (2010). There the petitioner was convicted of murder. *See Matthews v. Workman*, 577 F.3d at 1178. In a state court appeal and habeas proceedings, he alleged that the evidence was insufficient for a conviction. *See id.* at 1179, 1183. The OCCA rejected the claim on direct appeal. *See id.* at 1183. In habeas proceedings, the petitioner claimed "that the OCCA's application of *Jackson* was unreasonable because the prosecution [had] not introduce[d] blood, DNA, or fingerprint evidence, or eyewitness testimony." *Id.* at 1185. The Tenth Circuit Court of Appeals rejected the claim, reasoning that "*Jackson* does not require such evidence to sustain a criminal conviction." *Id.* (citation omitted). The court added that "the focus of a *Jackson* inquiry is not on what evidence is missing from the record, but whether the evidence in the record, viewed in the light most favorable to the prosecution, is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (citation omitted).

9

Under *Matthews v. Workman*, the alleged omissions in the prosecution's case would not undermine the reasonableness of the OCCA's decision. The prosecution supplied evidence that the window at the Café DaVinci had been broken and that someone had entered and taken a cash register box. That cash box was found where Officer Bergdall had spotted Mr. Branch, only a block from the café. *See supra* pp. 7-8. The Petitioner was found in the grass a short distance from the cash box and Mr. Branch's blood was on the cash box. *See supra* p. 8. Through this direct and circumstantial evidence, a rational trier of fact could have concluded that Mr. Branch was guilty of second degree burglary. Thus, the OCCA reasonably applied the *Jackson v. Virginia* standard and the federal district court should reject Mr. Branch's claim.

B. Gaps in the Chain of Custody

The Petitioner also questions the chain of custody for the blood samples taken from the cash drawer box. *See supra* p. 8. But in assessing the sufficiency of evidence, the court considers all of the evidence introduced in evidence, "regardless whether that evidence [had been] admitted erroneously." *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 672 (2010) (citation omitted). As a result, the alleged break in the chain of custody would not affect the reasonableness of the OCCA's determination on the sufficiency of evidence.[12]

---

[12] *See United States v. Doggins*, 633 F.3d 379, 383-84 (5th Cir. 2011) (holding that the evidence of guilt was sufficient for guilt notwithstanding a "possible breach in the chain of custody").

Ineffective Assistance of Trial Counsel, Trial Delay,
Prosecutorial Misconduct, Admission of Evidence
Without a Foundation, and Excess in the Sentence
and Fine: Applicability of a Procedural Default

In part, the Petitioner alleges ineffective assistance of trial counsel, lack of a speedy trial, prosecutorial misconduct, introduction of evidence without a proper foundation, and imposition of an excessive sentence and fine. *See supra* p. 2. These claims are procedurally barred.

I.  Mr. Branch's Assertion of the Claims in State Court

Mr. Branch did not raise any of these claims on direct appeal,[13] but he did raise them in his post-conviction application.[14] As noted above, the state district court denied post-conviction relief and the OCCA declined to address the merits on two occasions. *See supra* p. 2. The first time, the OCCA instructed Mr. Branch that he could seek leave to appeal out of time by filing an application with the state district court. Order Dismissing Appeal of Denial of Post-Conviction Relief, *Branch v. State*, Case No. PC-2011-0040 (Okla. Crim. App. Feb. 11, 2011). Rather than follow these instructions, Mr. Branch filed a second post-conviction appeal in the OCCA. *See supra* p. 2. When he did so, he failed to submit the petition in error and the district court's order. *See supra* p. 2.

---

[13]  *See supra* p. 1.

[14]  *See* Application for Post-Conviction Relief at p. 2, *Branch v. State*, Case No. 2007-466 (Garfield Co. Dist. Ct. June 15, 2010).

11

II.     Standard for Procedural Default

Habeas relief is ordinarily prohibited if the claim had been procedurally barred in state court on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[15] Two exceptions exist.

The first exception involves a showing of cause and prejudice related to the default. *See id.* For "cause," Mr. Branch must show an external impediment preventing compliance with the procedural rule. *Id.* at 753.

The second exception involves a fundamental miscarriage of justice. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). To invoke this exception, the Petitioner must "'supplement[] his constitutional claim with a colorable showing of factual innocence.'" *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).

III.    Existence of Independent and Adequate State Grounds

The OCCA dismissed the first post-conviction appeal on grounds of timeliness under Rule 5.2(C)(2). Order Dismissing Appeal of Denial of Post-Conviction Relief at p. 1, *Branch v. State*, Case No. PC-2011-0040 (Okla. Crim. App. Feb. 11, 2011); *see supra* p. 2. Timeliness under Rule 5.2(C) constitutes an independent and adequate state procedural ground barring federal habeas review. *See Johnson v. Champion*, 288 F.3d 1215, 1227 n.3

---

[15]    "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citation omitted). For the state ground to be adequate, it must be "strictly or regularly followed" and "applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

12

(10th Cir. 2002) (holding that the requirements in Rule 5.2(C) are independent and adequate for purposes of procedural default). As a result, the procedural default doctrine would prevent consideration of the merits in the absence of cause and prejudice or a fundamental miscarriage of justice. *See supra* p. 12.

IV.     "Cause"

With liberal construction, Mr. Branch's reply appears to suggest "cause" based on the Attorney General's misconduct. The Petitioner allegedly sent the Attorney General all of the copies of his first post-conviction appeal, and the Attorney General did not forward the appeal to the OCCA. *See* Petitioner's Reply at p. 4 (citing Response to Petition for Writ of Habeas Corpus, Exh. 7 (Apr. 12, 2011)). But even if these allegations were true, the Petitioner had obtained explicit instructions on how to cure the error through the filing of an application in state district court for leave to appeal out of time. *See supra* p. 11 (citing Order Dismissing Appeal of Denial of Post-Conviction Relief, *Branch v. State*, Case No. PC 2011-0040 (Okla. Crim. App. Feb. 11, 2011)). Mr. Branch failed to follow these instructions,[16] and he raises no argument for "cause" related to that failure. As a result, the "cause and prejudice exception" does not apply.

V.     A Fundamental Miscarriage of Justice

The Petitioner's discussion is confusing about whether he is invoking the exception for a fundamental miscarriage of justice.

---

[16]     *See supra* p. 2.

In one place, he states unambiguously that "there is no miscarriage of justice." Petitioner's Reply at p. 5. However, he also refers to "his innocence." *Id*. The Court may assume *arguendo* that Mr. Branch had intended to invoke the exception based on actual innocence.[17] Still, there would be no basis to avoid the procedural default.

To invoke the exception for a fundamental miscarriage of justice, the Petitioner must "'supplement[] his constitutional claim with a colorable showing of factual innocence.'" *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted). This showing requires identification of evidence that affirmatively demonstrates Mr. Branch's innocence. *See id.* "A criminal defendant is required to provide evidence that does more than simply 'undermine the finding of guilt against' him or her." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (citation omitted).

Mr. Branch has not identified any new evidence of innocence. At best, Mr. Branch has challenged the sufficiency of the evidence based on perceived gaps in the prosecution's case. *See supra* pp. 8-9. The alleged gaps would not undermine the sufficiency of the evidence, as discussed above. *See supra* pp. 8-10. But, even if the gaps should have caused a jury to question the prosecution's case, they would not have satisfied Mr. Branch's far more rigorous burden to demonstrate actual innocence through new evidence. Thus, Mr. Branch cannot avoid the procedural default based on a fundamental miscarriage of justice.

---

[17] *Cf. Titsworth v. Mullin*, 415 Fed. Appx. 28, 30-31 (10th Cir. Feb. 7, 2011) (unpublished op.) (discussing an argument as one involving actual innocence because the contention could have been read either as a claim of actual innocence or as a challenge to the sufficiency of the evidence).

VI. Summary

The OCCA declined to entertain the post-conviction appeal because it was untimely, and this conclusion constituted an independent and adequate procedural bar under Oklahoma law. The Petitioner has not demonstrated "cause" or a fundamental miscarriage of justice to overcome the procedural default. In these circumstances, the Court should deny federal habeas relief on the claims involving:

- ineffective assistance of trial counsel,
- lack of a speedy trial,
- prosecutorial misconduct,
- admission of evidence without a proper foundation, and
- imposition of an excessive sentence and fine.

### Recommended Ruling

The Court should deny Mr. Branch's request for habeas relief.

### Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by July 25, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2006). The failure to timely object would foreclose appellate review of the suggested rulings.[18]

---

[18] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## Status of the Referral

This referral is not discharged.

Entered this 6th day of July, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge