IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY BRANCH, )
)
    Petitioner, )
)
vs. ) No. CIV-10-54-W
)
BRUCE HOWARD, Warden, )
)
    Respondent. )

## ORDER

On July 6, 2011, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Anthony Branch pursuant to title 28, section 2254 of the United States Code be denied. Magistrate Judge Bacharach also issued a Report and Recommendation on July 8, 2011, and recommended therein that in light of his denial of Branch's request for habeas relief that Branch's Motion for Summary Judgment should be denied as moot.

The parties were advised of their right to object to Magistrate Judge Bacharach's findings and recommendations, and the matter now comes before the Court on Branch's "Response to Magistrate Report and Recommendation." See Doc. 39.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested recommendations regarding Branch's Petition and his request for summary judgment.

In October 2007, Branch was convicted in the District Court of Garfield County, Oklahoma, of one count of second degree burglary, State v. Branch, No. CF-2007-466, and sentenced to a term of imprisonment of twenty (20) years.

Branch appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and he argued on direct appeal that the evidence was insufficient to sustain his conviction. The OCCA, after summarizing the evidence presented at trial and viewing it in the light most favorable to the prosecution, affirmed. Branch v. State, No. F-2007-1067 (Okla. Crim. January 16, 2009). Branch's subsequent efforts seeking post-conviction relief were likewise unsuccessful. See Doc. 33-6, 33-8, 33-10.

Because the OCCA adjudicated Branch's claim of insufficient evidence on the merits, see Doc. 14-3 at 2, this Court plays a "secondary and limited," Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000), role under the Antiterrorism and Effective Death Penalty Act of 1996 and must only determine whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of, or was contrary to, the standard articulated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979).[1]

That is to say, this Court may not grant federal habeas relief unless the OCCA's application of the Jackson standard was objectively unreasonable. The Court finds, after viewing the evidence in the light most favorable to the prosecution, that a reasonable juror could have found that Branch had broken into, and entered, Café DaVinci with the intent

---

[1] In Jackson v. Virginia, 443 U.S. 307 (1979), the United States Supreme Court held that the question that must be answered "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (citation omitted)(emphasis in original).

2

to steal. The Court further finds no validity to Branch's arguments regarding gaps in the evidence and in the chain of custody and concludes that these arguments do not affect the reasonableness of the OCCA's determination regarding sufficiency of the evidence.

The Court also agrees with Magistrate Judge Bacharach's finding that Branch's claims (a) that he was denied effective assistance of trial counsel, see Doc. 1 at 4, (b) that he was denied a speedy trial since there was a 25-month delay between his arrest in September 2005 and his trial in October 2007, (c) that the prosecutor engaged in misconduct by inter alia failing to share and/or display certain "blood evidence," see id. at 6, (d) that certain evidence was admitted without a proper foundation that showed that it was substantially in the same condition as when the crime was committed, see id., and (e) that the trial judge imposed an excessive sentence and fine ($17,538.46), see Doc. 1-6, are procedurally barred.[2]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 37] filed on July 6, 2011;

(2) ADOPTS the Report and Recommendation [Doc. 38] filed on July 8, 2011;

(3) DENIES as moot Branch's Motion for Summary Judgment [Doc. 36] file-stamped April 27, 2011;

(4) DENIES Branch's Petition [Doc. 1] file-stamped January 19, 2010; and

---

[2]The OCCA dismissed Branch's appeal of the denial of his Application for Post-Conviction Relief under Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2011). Branch v. State, PC-2011-40 (Okla. Crim. February 11, 2011). The United States Court of Appeals for the Tenth Circuit has recognized that Rule 5.2(C) constitutes an independent and adequate state procedural bar preventing federal habeas review. E.g., Johnson v. Champion, 28 F.3d 1215, 1227 n.3 (10th Cir. 2002).

(5) ORDERS that judgment in favor of respondent Bruce Howard, Warden, shall issue forthwith.

ENTERED this 12th day of August, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE